Chadlen DeWayne Smith
ISCC C5 12A
P.O. Box 70010
Boise, Id 83707
  Plaintiff Pro Se

Case 1:19-cv-00053-CWD   Document 3   Filed 02/11/19   Page 1 of 13

U.S. COURTS

FEB 11 2019

Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

Chadlen DeWayne Smith
        Plaintiff,

VS.

Lori Rawson; Matt Keeler;
Rebecca Shrum; Jeff Schraeder;
Judy Mesick; Thomas Knoff;
Dylan Hobson.
        Defendants

Case No. 1:19-CV-53-DCN

Prisoner Complaint

Jury Trial Requested

A. JURISDICTION

The United States District Court for the District of Idaho has jurisdiction over my claims under:

1. 42 U.S.C. §1983

2. 28 U.S.C. §1367

3. I also ask the Federal court to exercise supplemental jurisdiction over state law claims.

B. PLAINTIFF

My name is Chadlen DeWayne Smith. I am a citizen of the State of Idaho Presently residing at the Idaho State Correctional Center 14601 S. Pleasant Valley Rd Kuna, Idaho 83634.

Prisoner Complaint   pg 1

## C. DEFENDANTS AND CAUSE OF ACTION

1. The Idaho Department of Correction (IDOC) has violated Plaintiff's Due Process Right by Double Jeopardy since 9-1-2010 by labelling Plaintiff a "sex offender" based on charges and not a conviction. Plaintiff has never been convicted for a sex offense. IDOC has attempted to "retry" Plaintiff's crime and be the Judge, Jury, and Prosecutor. While incarcerated Plaintiff was required to complete Sex Offender Treatment Program (SOTP) and live in a housing unit exclusively for sex offenders who were currently participating in SOTP.

Plaintiff was forced to complete a Static 99 test which is intended for "male offenders over 18 years of age who have been convicted of at least one sex offense against a child or non-consenting adult."

IDOC Policy defines a Sex Offender as "An offender who has been convicted of unlawful sexual behavior or criminal sexual intent, regardless of any plea agreement that has been deemed appropriate for Sex Offender Supervision."

On 6-8-2015 the Idaho Commission for Pardons and Parole (Parole Commission) granted Plaintiff an open parole date or what is known as a "date upon completion," mandating Plaintiff complete the 18 month long SOTP to be paroled.

The Parole Commission also required Special Conditions of Parole which are Sex Offender Specific (Exh. A)

This caused Plaintiff to be placed on a Sex Offender parole caseload in Washington when Plaintiff was released from prison on 11-3-2016 through 3-16-2017 while on an Interstate Compact.

This was contrary to the rules of the Interstate Commission for Adult Offender Supervision (ICAOS).

On 1-20-2017 Plaintiff was compelled to complete a full disclosure polygraph which are for convicted sex offenders. Plaintiff plead the Fifth Amendment on one question during the full disclosure polygraph in accordance with Washington Administrative Code (WAC) and the Fifth Amendment of the Constitution.

The polygraphers finding were Plaintiff was truthful and the polygraph was completed and passed.

While on parole in Idaho from 6-29-2017 to 12-11-2017 Plaintiff was required to follow the IDOC Sexual Offender Agreement of Supervision without any Due Process. (Exh. B)

Prisoner Complaint pg 2

Many of these additional sex offender conditions and restrictions impeded Plaintiff's liberty interests protected by the Due Process Clause and significantly infringe on substantial Constitutional Rights.

These Sexual Offender Agreement of Supervision condition and restrictions exceed the standards set by the "Stigma-plus" test.

Between 6-29-2017 and 12-11-2017 Plaintiff was being supervised by District One, IDOC Probation and Parole Officer's (PPO's) Lori Rawson (Rawson) and Matt Keeler (Keeler).

Rawson and Keeler repeatedly retaliated against Plaintiff for exercising his Fifth and First Amendment Rights.

Rawson and Keeler have denied Plaintiff Due Process, Equal Protection of the law, Subjected Plaintiff to intentional infliction of emotional distress, negligent infliction of emotional distress, Violated Plaintiffs First and Fifth Amendment, and denied his liberty interests granted by being on Parole.

Early on during Plaintiff's parole in Idaho, Rawson, along with Rebecca Shrum, and Interstate Compact Director Judy Mesick (Mesick) proceeded to claim plaintiff was "non-compliant with his parole conditions" and the Defendants would not process the Interstate Compact paperwork until he was.

Mesick is in violation of the rules of ICAOS which have the same force and effect of Federal Law.

ICAOS has clearly defined "Substantial Compliance" with parole as meaning the sending state is not currently or in the process of violating the parolee.

Defendants claimed Plaintiff was non-compliant because of a Facebook account which Plaintiff's Father (Father) had using the name "Chad Smith" and used photos of the Plaintiff.

Father has written certified letters to the parole commission prior to plaintiff being granted parole informing them that he has controlled and maintained this account since 2014 while Plaintiff was still incarcerated.

Rawson called Father and demanded he delete his "Chad Smith" Facebook account. Rawson was then informed by Plaintiff and Father that Father has a protected First Amendment Right to possess and maintain any Facebook account he creates.

Rawson then threatened both Plaintiff and Father with violating Plaintiffs Parole if the account was not deleted.

Plaintiff filed a grievance for this conduct on 11-15-2017 (Exh C)
This grievance was never processed by the Defendants.

Prisoner Complaint Pg 3

On 11-2-2017 Rawson filed a Special Progress Report Warning Letter (Warning Letter) with the Executive Director of the parole commission with falsified information. (Exh. D)

In retaliation for Plaintiff's fifth amendment plea during the 1-20-2017 full disclosure Polygraph, Rawson falsely states that as of 11-2-2017 Plaintiff has failed to "complete a full disclosure polygraph" per Plaintiff's condition to do so. (Exh. D)

Plaintiff filed a grievance for this on 11-5-2017. This grievance was then falsified by the Defendants. (Exh. E)

Also on 11-2-2017 Rawson conducted a Level of Service Inventory (LSI-R) which is intended to identify risk levels and treatment needs.

On 8-9-2010 just entering the prison system Plaintiff's LSI-R score was 23.

On 11-2-2017 Rawson conducted a new LSI-R with a score of 36.

With the falsified LSI-R Rawson did and the false information Rawson provided, Plaintiff was required to complete CBI-SA a 6 month long Substance abuse program when he was violated.

This also lists Plaintiff as "High Risk."

On 11-16-2017 Rawson, Keeler, and Section Supervisor Jeff Schraeder (Schraeder) required Plaintiff to sign an "Agreement For Success" which contained ten (10) additional parole conditions.

In violation of and retaliation for pleading the fifth amendment on Plaintiff's 1-20-2017 full disclosure polygraph, #4 of the Agreement For Success states in part "I fully understand that I am to re-take my incomplete full disclosure polygraph previously taken 1-20-2017."

At the bottom above the signature portion it then states "I understand that any violation of the above directives and the directives given in the Sexual Agreement of Supervision may result in my <u>immediate</u> incarceration." (Exh. F)

Rawson and Keeler retaliated against Plaintiff by abusing their authority in that Plaintiff was excessively required to report into the probation and parole offices for multiple hours at a time and subjected Plaintiff to intentional and negligent infliction of emotional distress while continually harrassing Plaintiff for pleading the fifth, taunting Plaintiff with not allowing him to interstate compact to Washington where his family support and resources are, and even refusing to allow Plaintiff to leave Defendants offices until he would "Accept that he is a sex offender" and tell the Defendants "I'm a sex offender." The manner in which this was done qualifies as 'hate speech and harrassment.

Prisoner Complaint pg 4

Supervising Plaintiff as a sex offender on parole when Plaintiff has never been convicted of a Sex offense creates a significant liberty interest issue and denies Due Process.

Plaintiff was financially burdened by the requirment to take and pay for multiple polygraphs which cost up to $250.00 each.

Plaintiff was denied the freedoms other "non-sex offenders" on parole enjoyed.

This classification was done without any due process. This Policy and practice by the Defendants is a clear violation of Due Process.

Rawson retaliated by continuosly interrogating Plaintiff about his prescribed medications, threatened to call and intentionally harrass Plaintiffs providers in an attempt to get them to stop seeing the Plaintiff. Rawson required Plaintiff to sign multiple Release of Protected Information forms on two (2) Separate occations (some of which were blank.)

Rawson would harrass and repeatedly question Plaintiff about his mental health diagnoses for hour at a time.

Rawson is not in any way qualified to practice as a mental or medical health provider. Her actions were intended only to harrass and violate Plaintlffs Due Process and Equal Protection Rights.

Rawson using her phone made a video recording of my prescriptions set out on her desk while making derogatory comments.

At some point between 6-29-2017 and 12-11-2017 Plaintiff was being supervised by both Rawson and keeler together, both Rawson and keeler individually, and eventually just keeler by himself.

In retaliation for Plaintiff pleading the fifth and in response to plaintiff filing grievances on 11-5-2017, and 11-15-2017 on 11-20-2017 Rawson, keeler, and Schraeder surrounded Plaintiff at a table in an office at Probation and Parole.

Prisoner Complaint pg 5

Schraeder then told Plaintiff he needed to "re-take the full disclosure polygraph" or he would "deny me the 'privilege' of Interstate Compacting back to Washington."

Plaintiff told him "I already completed it and chose to plead the fifth which was my right to do and if I'm forced to pay another $200.00 and take it again they will get the same results."

Plaintiff also informed Defendants that he could not be punished for exercising his constitutionally protected rights.

Schraeder then replied he could because an interstate compact is a privilege not a right. The question of 'privilege' vs. 'right' is not a subject of this action.

Rawson then brought up the 11-16-2017 Agreement for Success and told Plaintiff he signed it and if he didn't re-take the full disclosure polygraph and not plead the fifth then she would "send him back to prison."

This is retaliation for exercising my fifth amendment rights.

On 12-7-2017 Plaintiff a grievance regarding this incident. This grievance was falsified and is grievance number DIC17OOOOOO2. (Exh.G)

After the 11-20-2017 encounter Keeler took me to his office. Keeler then began falsely claiming Plaintiff was not at his residence on 11-16-2017, 11-17-2017, and 11-18-2017 supposedly based on allegations Keeler claimed he received from Robert Perry, the convicted felon transitional house manager. Robert Perry had kicked me out on 11-18-2017. Keeler never verified any of these allegations, yet sanctioned Plaintiff to two (2) day of Discretionary Jail Time at Kootenai County Jail from 11-22-2017 to 11-24-2017 for curfew violations.

On 12-7-17 Plaintiff also filed a grievance regarding this incident. (Exh.H) This grievance was never processed by Defendants.

Prisoner Complaint pg 6

On 11-28-2017 Plaintiff was again required to report to Keeler's office.

Keeler then placed Plaintiff on Electronic Ankle Monitor in retaliation and alleged it was for "changing residence" without permission related to Robert Perry kicking me out on 11-18-2017.

This was ten (10) days after the alleged incident which Keeler acknowledged on 11-20-2017 when he gave Plaintiff jail time.

Plaintiff filed a grievance for the double jeopardy of receiving two (2) sanctions for the same incident. This grievance was destroyed by the Defendants and never processed.

Immediately after filing the two(2) grievances on 12-7-2017 a Thursday, Plaintiff was arrested on 12-11-2017 the following Monday. District One Parole Officers Practice retaliation against parolees for exercising constitutionally protected rights by fabricating violations and basing them on no corroborating evidence.

On 5-10-2018 Plaintiff filed grievance CAB180000018 regarding the falsified LSI-R done by Rawson on 11-2-2017. (Exh. I)

On 5-15-2018 Rawson claims she redid Plaintiff's LSI-R and the score went from 36 on 11-2-2018 up to 38 on 5-15-18. Somehow it increased 2 more points after Plaintiff had been locked up for six (6) months and been participating in treatment programs.

IDOC PPO's are inadequately trained to use the "IDOC division of Probation and Parole 'Evidence-based supervision Strategies' to protect the public, while assisting offenders in the development of the skill necessary to sustain a crime free life."

IDOC PPO's lack the training and ability to supervise or manage parolees with mental health and/or physical health conditions, yet Rawson took it upon herself to attempt to play doctor with my health.

IDOC PPO's are inconsistent and do not even follow their own "guidelines, standards, and procedures" outlined in the Idaho Response Matrix.


Prisoner Complaint pg 7

IDOC Parole Violation Hearing Officer Thomas Knoff (Knoff) who was in collusion with Rawson and Keeler claims he found me "guilt of the one violation" at the 1-11-2018 on site Parole Violation Hearing.

There was no evidence provided to support Knoff's finding. This is a clear violation of State Law, Idaho Code 20-229B Title 20, Chapter-2.

Then on 11-29-2018 Knoff prepared a Parole Violation Findings report for the Parole Commission.

Knoff's report contained significant amounts of untrue and falsified information.

In retaliation for pleading the fifth Knoff's recommendation to the Parole Commission was to have Plaintiffs Parole revoked.

Knoff further notes in his recommendation that "it may also be prudent to make sure the subject is compliant on his medications prior to further Parole consideration." (Exh. J)

On 1-17-2019 Knoff sent an email to case manager Melissa Carr in response to a Concern form Plaintiff sent him on 1-11-2019, which shows Knoff's mind set, where he states "He doesn't get to plead the 5th on a polygraph..." (Exh. K)

On 1-15-2019 Plaintiff received a concern form response that was sent to Parole Commission Executive Director Sandy Jones which states in part "If you don't answer all the questions the polygraph is void. It's an all or nothing test." (Exh. L)

Plaintiff has sent multiple letters and Concern forms to IDOC Deputy Chief of Probation and Parole Division Dylan Hobson (Hobson) reporting all of these issues.

Plaintiff informed Hobson of the reprisal and retaliation to the grievances filed and for pleading the fifth. Hobson's reply was "Idaho Response Matrix was properly utilized." (Exh. M)

If this is true then the "Matrix" is a violation of the constitutional rights of Plaintiff as outlined herein.

Prisoner Complaint Pg 8

On 1-29-2019 Plaintiff received a letter from Hobson dated 1-25-2019. Hobson alleges in this letter that the comments contained are Schraeder's response to grievance DIC170000001 but "do not print on the grievance form itself."

This is blatenly untrue because grievances cannot be modified after they are submitted. This "response" was made up at a later date.

Hobson's letter falsely claims "IDOC is not forcing him to answer any questions on the polygraph." (Exh. N)

However Rawson did file a Warning Letter against Plaintiff for "not completing a full disclosure polygraph." (Exh. D)

Then also Rawson again compelled Plaintiff by including in the Agreement for Success the condition to "re-take my incomplete full disclosure Polygraph previously taken on 1-20-2017... will have that polygraph no later December 20, 2017..."

The bottom of the Agreement For Success then states "I understand that any violation of the above directives and the directives given in the Sexual Agreement of Supervision may result in my immediate incarceration." (Exh. F)

Plaintiff was also denied interstate compacting to Washington unless he was "compliant" which required recanting Plaintiff's fifth amendment plea.

Plaintiff felt compelled.

2. I am suing the following named Defendants for their above described conduct in their Official and individual capacity, Lori Rawson; Matt Keeler; Rebecca Shrum; Judy Mesick; Jeff Schraeder; Thomas Knoff; and Dylan Hobson.

Prisoner Complaint pg 9

3. Plaintiff alleges the acts herein described above violated the following provisions of the Constitution, Federal Statutes, or State law:

First Amendment, Fifth Amendment, Due Process Clause, Intentional infliction of emotional distress, Negligent infliction of emotional distress, and Equal Protection of the law.

4. Plaintiff alleges he suffered the following injuries or damages as a result:

Loss of liberty

5. Plaintiff seeks the following relief:

A. Granting Plaintiff a declaration that the acts and omissions described herein violate Plaintiffs rights under the Constitution and laws of the United States, and

B. Granting Plaintiff Compensatory and punitive damages to be determined at a later date.

6. For this Claim, Plaintiff has exhausted the grievance system within the prison in which he is incarcerated and the parole grievance system for District One where Plaintiff was on parole.

Prisoner Complaint pg 10

## D. PREVIOUS OR PENDING LAWSUITS

| Court | Case No. | Case Name | Status of Case | Strike? |
|---|---|---|---|---|
| Federal | 1:12-cv-00441-CWD | Chadlen Smith v. L. Simmons and Nurse Bozley | Settled/Dismissed | No |
| Federal | 1:16-cv-00466-DCN | Chadlen DeWayne Smith v. Jakob Brooks et al. | Pending | No |

## E. REQUEST FOR APPOINTMENT OF ATTORNEY

Plaintiff respectfully request that an attorney be appointed to represent Plaintiff in this matter.

Plaintiff believes that he is in need of an attorney for these particular reasons which make it difficult to pursue this matter:

1. Plaintiff is untrained in the law. Plaintiff is unable to afford Counsel and has requested Leave to proceed informa pauperis.

2. The issues involved in this case are not complex however, they will require significant research and investigation.

3. Plaintiff does not have any access to the internet or adequate legal resources, materials, or books while incarcerated.

4. Jury trial has been requested in this matter and a trial in this case will likely involve conflicting testimony, and Counsel would better enable Plaintiff to present evidence and cross examine witnessess.

5. Depositions will likely be necessary and Plaintiff is unable to accomplish this without Counsel.

6. Furthermore Plaintiff presents with more than the bare allegations of the Complaint itself with the factual, undisputable signed exhibits from the Defendants attached with the Complaint.

Prisoner Complaint pg 11

## F. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury:

that I am the plaintiff in this action, that I have read the complaint, and that the information contained in the complaint is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621; and that I gave the complaint to prison officials for mailing and filing with the Clerk of Court on

Executed at ISCC Kuna, Id     on Feb 7th, 2019

*Chad Smith*
Chadlen DeWayne Smith
Plaintiff Pro Se

Prisoner Complaint pg 12

## G. ATTACHMENTS AND EXHIBITS

Exhibit A
  Idaho Commission of Pardons and Parole Special Conditions.

Exhibit B
  IDOC Sexual Offender Agreement of Supervision.

Exhibit C
  Original Copy of 11-15-17 grievance.

Exhibit D
  Special Progress Report Warning Letter

Exhibit E
  Falsified 11-7-17 grievance number DICI70000001

Exhibit F
  Agreement FOR Success

Exhibit G
  Falsified 12-8-17 grievance number DICI70000002 and original copy of the 12-7-17 grievance filed.

Exhibit H
  Original copy of grievance 12-7-17 that was never processed

Exhibit I
  Grievance number CAB180000018

Exhibit J
  Parole Violation Findings by Thomas Knoff

Exhibit K
  Email and concern form from Thomas Knoff

Exhibit L
  Concern form to Parole Commission Executive Director

Exhibit M
  Concern form from Dylan Hobson about "Idaho Response Matrix"

Exhibit N
  Letter from Dylan Hobson

Prisoner Complaint pg 13